UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

          -against-                                          25-cr-0592 (LAK)

GÖKÇE GÜVEN,

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

*USDS SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #: _____*
*DATE FILED: 1/15/2026*

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        The government yesterday electronically submitted to chambers copies of motion papers entitled in part "Motion for a Finding **[non-party name redacted]** Waived Privilege." The papers were marked, "Filed Under Seal and *Ex Parte*," and they were captioned, "*In re: Privilege Assertions by* **[non-party name redacted]**." The papers were not docketed then, but were captioned also with a docket number reflecting the miscellaneous case designation rather than the criminal docket number of this case. The title the papers bear, however, states the theory on which the government contends the relief sought should be granted. The relief sought is an order compelling **[non-party name redacted]** to comply with each of two grand jury subpoenas. The government submitted also copies of the papers that were marked just "Filed Under Seal," which contained some redactions.

        Today, the government submitted to chambers binders containing copies of the papers submitted yesterday. The binders were labeled with the title and criminal docket number of this case. The papers they contained, however, bore the same titles and caption as those submitted yesterday, i.e., they were styled as though they would be filed as a miscellaneous matter.

        Thus, there has been uncertainty and perhaps confusion as to whether the motion should be treated as part of this case or as something else. The Court's rules shed no light on the question. Moreover, the circumstances here are unusual.

        The first of the subpoenas that is a subject of this motion is dated after the date on which defendant was arrested following the complaint. The second is dated well after the return of the indictment in this case. The materials sought relate to the merits and scope of this case. Indeed, the government has represented that its investigation is continuing and that it expects to file a superseding indictment before the end of this month.

2

In these circumstances:

1. The government shall recaption its motion papers with the caption of this case and shall file them under seal in this case. The portion of those papers that was submitted *ex parte* shall remain temporarily *ex parte* pending a determination of any dispute as to whether they should remain permanently *ex parte*.

2. Any papers in opposition to the government's motion, and any reply papers in support thereof, shall be filed no later than January 22 and January 26, 2026, respectively.

3. Nothing herein shall be construed as a ruling, one way or the other, as to whether defendant has standing to oppose the government's motion.

4. **[Non-party name redacted]** is not hereby made a party to this case nor given any rights to participate herein except to the extent that it may be heard with respect to the government's pending motion to compel compliance with the subpoenas.

SO ORDERED.

Dated:      January 15, 2026

_____
Lewis A. Kaplan
United States District Judge